IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES of AMERICA

v.                                                                                    Criminal No. 4:94cr70

GEORGE ALLEN WARD,

                Defendant.


**OPINION & ORDER**

This matter is before the Court on pro se Defendant's motion styled as one under U.S.S.G. § 1B1.10, 18 U.S.C. § 3582(c)(2), Sentencing Guidelines amendment 599, Federal Rule of [Criminal]¹ Procedure 35, and Rompilla v. Beard, 545 U.S. 374 (2005) ("Defendant's Motion"). Doc. 88. Defendant also filed a motion to amend this motion with additional claims under 18 U.S.C. § 3582(c)(2) ("Defendant's Motion to Supplement"). Doc. 89.

On September 18, 2006, the Court granted Defendant's Motion to Supplement and advised Defendant that if Defendant failed to delete claims properly made pursuant to 28 U.S.C. § 2255, then the Court would construe Defendant's entire motion as a successive § 2255. Doc. 90. The Court further advised Defendant that if the Court were to so construe Defendant's motion, the Court would be unable to reach the merits of Defendant's motion without a

---

¹ While the motion's caption refers to the Federal Rule of Civil Procedure 35, as the motion subsequently complains of the United States's failure to move for Defendant to receive a reduced sentence for his purported cooperation, the Court will assume that Defendant is moving to compel the United States to file a motion under the rules of criminal procedure.

certificate of appealability from the United States Court of Appeals for the Fourth Circuit. Id. Defendant has agreed to delete the improper claims. Doc. 91. Defendant's Motion, as amended, may therefore be considered on its merits.

## I. Procedural History[2]

On December 8, 1994, Defendant pled guilty to three counts of possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Counts 1, 4 & 5"); two counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b) ("Counts 7 & 9"); and one count of use of a firearm, in violation of 18 U.S.C. § 924(c) ("Count 8"). Doc. 12. The Court entered its original judgment as to Defendant on March 10, 1995, sentencing Defendant to sixty (60) months' imprisonment and three (3) years' supervised release on Counts 1, 4 & 5; two hundred (200) months' imprisonment and five (5) years' supervised release on Counts 7 & 9, to run concurrently with Counts 1, 4 & 5; sixty (60) months' imprisonment on Count 8, to run consecutively with all other counts; and three (3) years' supervised release on Count 8, to run concurrently with all other counts. Doc. 16. On January 13, 1998, the Court corrected its judgment to reflect that Defendant's criminal history was VI, rather than V, pursuant to Federal Rule of Criminal Procedure 36. See Doc. 44.

Defendant has made several requests for a downward sentencing departure under Federal Rule of Criminal Procedure 35(b) ("Rule 35(b)"). Defendant's May 17 and June 16, 1999, and March 31, 2000, requests were each denied by the Court. Docs. 56-59, 63 & 65. The Court denied Defendant's motion to reconsider its denial of his March 31, 2000, request, and

---

[2] The procedural history presented here is limited to events relevant to the issues currently before the Court, and is not a comprehensive summary of Defendant's procedural history.

Defendant appealed the Court's decision. Docs. 66-67. The Fourth Circuit dismissed Defendant's appeal, denied Defendant permission to file a successive § 2255, and denied Defendant's motion for a rehearing en banc. Docs. 66-74.

Defendant moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on November 1, 2004, and March 4, 2005. Docs. 75 & 79. These motions both challenged Defendant's sentence under United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). The Court denied the former motion and dismissed the latter motion as a successive 28 U.S.C. § 2255 motion. Docs. 76 & 80. Defendant moved the Court the reconsider its dismissal of his March 2005 motion. Doc. 81. On July 5, 2005, the Court dismissed this motion to reconsider as another successive § 2255 motion. Doc. 85. The Fourth Circuit dismissed Defendant's appeal of the dismissal of his March 2005 motion and denied Defendant permission to file a successive § 2255 motion. Docs. 86-87.

## II. Legal Standards

### A. Motions to Compel Rule 35(b) Motions

In limited circumstances, a federal district court has the authority to review a prosecutor's decision not to file a Rule 35(b) motion. The Court would have such authority if: (1) the prosecutor's discretion to file has been superseded by an agreement on the Government's behalf to file a Rule 35; or (2) the prosecutor's refusal to file is unconstitutional. Wade v. United States, 504 U.S. 181, 185 (1992); see United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). A refusal to file is unconstitutional if the prosecutor's motive is improper or otherwise not rationally related to a legitimate government end. Wade, 504 U.S. at 186. To trigger a district court's review of a prosecutor's decision, a defendant must do more than claim he provided

assistance or allege that the United States acted in bad faith: he must make a "substantial threshold showing" of one of the qualifying circumstances.  Id. (observing that a substantial showing is the condition precedent to the right to discovery or an evidentiary hearing).

### B.  Motions Pursuant to 18 U.S.C. § 3582(c)(2)

United States Code, Title 18, Section 3582(c)(2) allows the sentencing court to modify a term of imprisonment if a defendant's sentence was based on a Guidelines range that has subsequently been lowered by the Sentencing Commission's amendment of the Guidelines pursuant to 28 U.S.C. 994(o).  The amendment to the Guidelines must also be identified as retroactive in U.S.S.G. § 1B1.10(c).  See U.S.S.G. § 1B1.10(a).  The court may only modify a defendant's sentence if such modification is also consistent with the applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Whether or not to modify a defendant's sentence based on a retroactive amendment is left to the discretion of the Court, provided that the Court considers the factors listed in 18 U.S.C. § 3553(a).  See United States v. Turner, 59 F.3d 481, 483-84 (4th Cir. 1995) (observing that district courts are not required to grant available § 3582(c)(2) modifications).

## III.  Discussion

### A.  Rule 35(b) Claim

Defendant moves the Court to compel the United States to file a Rule 35(b) motion due to Defendant's substantial assistance.  Doc. 88 at 3-5.  Defendant claims that within one year of his sentencing he provided substantial assistance to the United States, and argues that the prosecutor should have filed a Rule 35(b) motion within one year of his sentencing.  Id.  Before 2002, Rule 35(b)'s text did not authorized the United States to file a motion more than one year

after a defendant's sentencing when the motion was based on information known to the defendant prior to the first anniversary of his sentencing. See Fed. R. Crim. P. 35(b) (2006) Note, "2002 Amendments." While not every circuit court of appeals strictly interpreted Rule 35(b), see id., the Fourth Circuit had held that district courts were without jurisdiction to consider such motions. United States v. Carey, 120 F.3d 509, 513 (4th Cir. 1997). This Court based its prior denials of Defendant's Rule 35(b) motions on the fact that more than one year had expired since Defendant was sentenced. See Doc. 57 at 2; Doc. 59 at 2; and Doc. 65 at 1-2. The 2002 amendment to Rule 35(b), however, explicitly authorized the United States to file a motion more than one year after a defendant's sentencing based on information known to the defendant before one year had elapsed. Fed. R. Crim. P. 35(b) (2006) Note, "2002 Amendments." Defendant argues that the 2002 amendment retroactively establishes that the prosecutor's pre-2002 decision not to file a motion was an action done in "bad faith." Doc. 88 at 4. Defendant further argues that the failure of the prosecutor to inform the Court of Defendant's assistance to the United States is, in and of itself, an unconstitutional motive. Id.

     Defendant's Rule 35(b) motion is without merit. The prosecutor's observance of then-controlling Fourth Circuit precedent is clearly not an act done in "bad faith." Even if it were, Defendant fails to make a "substantial threshold showing" that the United States was bound by an agreement to file a Rule 35(b) motion, or than the prosecutor's motives for not filing were improper or not rationally related to a legitimate government end. See Wade, 504 U.S. at 186. Defendant does not allege the existence of an agreement between him and the United States that would require the United States to file a Rule 35(b) motion, nor does the fact that the prosecutor chose not to file a motion constitute a "substantial threshold showing" of improper motives, or of

5

a government action not rationally related to a legitimate government end. Cf. id. Defendant's Motion is therefore **DENIED** to the extent that Defendant seeks to compel the United States to file a Rule 35(b) motion.

### B. 18 U.S.C. § 3582(c)(2) Claims

Defendant argues that amendments 487, 591, and 599 to the United States Sentencing Guidelines allow the Court to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2). Doc. 88 at 5-6; and Doc. 89 at 1-2. Section 1B1.10(c) of the Guidelines identifies amendments 591 and 599 as retroactive. See U.S.S.G. § 1B1.10(b). However, amendment 487 is not identified as retroactive, and therefore does not permit the Court to modify Defendant's sentence under 18 U.S.C. § 3582(c)(2). See id. Defendant's motion is therefore **DENIED** to the extent that Defendant asks the Court to modify his sentence in light of amendment 487.

### 1. Amendment 591

Amendment 591 requires the sentencing court to apply the offense guideline referenced in Appendix A's Statutory Index under the statute of conviction. U.S.S.G. App. C. amend. 591 (effective Nov. 1, 2000). The amendment was meant to end the practice in some circuits, whereby sentencing courts were permitted to use an offender's actual conduct in selecting the appropriate offense guideline, even if that conduct was not separately charged in the indictment. See, e.g., United States v. Rivera, 293 F.3d 584, 586-87 (2d Cir. 2002); see also U.S.S.G. App. C. amend. 591 (comparing cases). For example, some courts would apply offense guideline § 2D1.2, which relates to drug offenses near protected locations or involving underage or pregnant persons, even if the defendant were not convicted under the statutes associated with § 2D1.2 in Appendix A. See, e.g., United States v. Clay, 117 F.3d 317 (6th Cir. 1997).

Defendant argues that amendment 591 retroactively requires the Court to re-sentence Defendant, because the Court allegedly sentenced him under an offense guideline determined by his actual conduct, rather than the offense guideline determined by the counts of the indictment to which he pled guilty. Doc. 89 at 1-2. Specifically, Defendant complains that his base offense level was calculated based on a drug type not alleged in the indictment. Id. However, amendment 591 does not speak to the calculation of a defendant's base or adjusted offense level within the appropriate offense guideline. Instead, it addresses the initial selection of the appropriate offense guideline. The Court sentenced Defendant under offense guideline § 2D1.1. Under Appendix A to the current version of the Guidelines, § 2D1.1 is still the appropriate offense guideline for offenses under 21 U.S.C. § 841. See U.S.S.G. Appendix A (Sept. 12, 2006). Amendment 591 does not reduce the sentencing range applicable to Defendant, and Defendant's Motion is therefore **DENIED** to the extent that it relies on amendment 591.

### 2. Amendment 599

Amendment 599 applied to the Commentary to U.S.S.G. § 2K2.4. U.S.S.G. App. C. amend. 599 (effective Nov. 1, 2000). Section 2K2.4 of the Guidelines concerns the use of a firearm, armor-piercing ammunition, or explosive during or in relation to certain crimes, and Appendix A's Statutory Index associates offenses under 18 U.S.C. §§ 844(h), 924(c), and 929(a) with § 2K2.4. U.S.S.G. § 2K2.4 Commentary & Appendix A. Amendment 599 modified the Commentary, in relevant part, to advise courts that:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the

7

defendant is accountable under §1B1.3 (Relevant Conduct).

U.S.S.G. § 2K2.4 Commentary. Amendment 599 was "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements . . . for those other offenses." Id. The Commission sought "to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm." Id.

The Fourth Circuit has adopted a broad definition of "underlying offense" that includes the specific offense associated with an 18 U.S.C. § 924(c) count, as well as the other counts of conviction based on the same conduct underlying the 18 U.S.C. § 924(c) count. United States v. Goines, 357 F.3d 469, 472-73 (4th Cir. 2004). For example, a defendant sentenced to consecutive terms of imprisonment as an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and for carrying a firearm during and in relation to a drug trafficking crime, in violation of § 924(c), cannot also receive a two-level enhancement on the § 922(g)(3) violation for possession of a firearm during the drug trafficking crime covered by the § 924(c) count. Id. at 471 & 473; see U.S.S.G. § 2D1.1(b)(1).

A brief review of Defendant's relevant conduct is necessary before reaching the merits of Defendant's amendment 599 claim. Defendant's Presentence Investigation Report ("PSR") states that Defendant possessed four firearms. PSR at ¶ 9. In December 1993, in Mathews County, Virginia, Defendant gave his girlfriend a New England Firearms .32 H & R Magnum revolver. Id. at ¶ 5. In January 1994, also in Mathews County, an unindicted co-defendant gave Defendant a Colt .357 Magnum revolver for payment on an old crack cocaine debt and to receive three grams of crack cocaine from Defendant. Id. at ¶ 6. One month later, in Gloucester County,

Virginia, Defendant sold a Browning 10 gauge shotgun to a pawn shop. Id. at ¶ 7. In May 1994, in Mathews County, Defendant purchased a Lorcin .380 caliber pistol from an unindicted co-defendant and sold the unindicted co-defendant less than one gram of crack cocaine. Id. at ¶ 8. Defendant's January 1994 activities were the conduct underlying Defendant's 18 U.S.C. § 924(c) charge in Count 8 and Defendant's § 922(g)(1) charge in Count 7. Defendant's May 1994 activities were the conduct underlying Defendant's § 922(g)(1) charge in Count 9. Defendant made no objections to the PSR relevant to these facts. PSR at 1-2 & 20-21.[3]

The Court did not apply any firearm enhancements in calculating Defendant's adjusted offense level on the distribution counts. Defendant's adjusted offense level on these counts was 34. On Defendant's firearms possession counts, the Court did add a one-level enhancement for the possession of four firearms under U.S.S.G. § 2K2.1(b)(1)(A). While it was correct to apply possession enhancements based on Defendant's December 1993, February 1994, and May 1994 firearm possessions, amendment 599 would have precluded an enhancement that was contingent on Defendant's January 1994 firearm possession, because this activity underlay the 18 U.S.C. § 924(c) count to which Defendant pled guilty. Cf. Goines, 357 F.3d at 472-73.

However, only attributing Defendant with an enhancement based on the possession of three firearms does not change Defendant's Guidelines range. The Guidelines applicable to Defendant at his sentencing provided for a one-level enhancement for defendants in possession of three to seven firearms. See U.S.S.G. § 2K2.1(b)(1)(A) (1994).[4] Therefore, whether

---

[3] Defendant's only objection concerned his age. PSR at 20.

[4] In 2001, § 2K2.1(b)(1)(A) was amended to increase the enhancement for the possession of three to seven firearms from one to two levels. U.S.S.G. App. C. amend. 631 (effective Nov. 1, 2001).

Defendant is attributed with the possession of three or four firearms is immaterial to the determination of Defendant's adjusted offense level on the possession counts. Furthermore, even if Defendant's adjusted § 922(g) offense level were reduced by amendment 599, grouping Defendant's firearms possession counts with his controlled substances distribution counts would still result in a Guidelines range determined by the distribution counts' adjusted offense level of 34. Defendant's Motion is therefore **DENIED** to the extent that it relies on amendment 599.[5]

### IV. Conclusion

Defendant's Motion (Docs. 88 & 89) is **DENIED** for the reasons stated herein.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Defendant and to counsel of record for the United States.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. Said written notice must be received by the Clerk within ten (10) days from the date of this Opinion and Order. If Defendant wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia, 23219.

---

[5] Defendant makes several arguments purportedly pursuant to amendments 591 and 599 which emanate from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). To the extent that Defendant wishes to challenge his sentence under Apprendi, Defendant is **ADVISED** that such a challenge is properly made pursuant to 28 U.S.C. § 2255. Apprendi claims are not cognizable under 18 U.S.C. § 3582(c)(2), because § 3582(c)(2) applies, in pertinent part, only to amendments to the Guidelines promulgated by the Sentencing Commission under 28 U.S.C. § 994(o), not to judicial opinions regarding the Guidelines. As Defendant has already filed several § 2255 motions, Defendant must first obtain a certificate of appealability from the Fourth Circuit before this Court could consider the merits of such a motion. Defendant is further **ADVISED** that Apprendi is not retroactively available to federal prisoners on collateral review. United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001).

    It is so **ORDERED**.

                                              /s/
                              HENRY COKE MORGAN, JR.
                    UNITED STATES SENIOR DISTRICT JUDGE

.

Norfolk, Virginia
October 18, 2006